UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HAOXUE ZHOU,<br><br>Petitioner,<br><br>v.<br><br>SAMUEL OLSON Field Office Director, ICE Enforcement and Removal Operations, Chicago Field Office (Area of responsibility includes Indiana and Wisconsin),<br>MARKWAYNE MULLIN Secretary of the Department of Homeland Security,<br>TODD BLANCHE Attorney General of the United States,<br><br>Respondents. | ) | Case No. 1:26-cv-02302-TWP-MKK |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on Petitioner Haoxue Zhou's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief. (Dkt. 1). Ms. Zhou challenges the lawfulness of her detention by federal immigration authorities. For the reasons explained below, her Petition is **granted** and Respondents are directed to immediately release Ms. Zhou from detention.

## I. FACTS

Ms. Zhou is a Chinese citizen and national. (Dkt. 12-1 at 7). She entered the United States without inspection in 2019 and was apprehended by Border Patrol agents. *Id.* at 2. An immigration judge ordered her removed from the United States on November 7, 2019, in an expedited proceeding. *Id.* at 17. During the expedited removal proceeding, Ms. Zhou applied for asylum. *Id.* at 2. That application remains pending. On January 2, 2020, Ms. Zhou was released from immigration detention and granted parole for one year. *Id.* at 6. Her parole expired, as of January

1, 2021 and Ms. Zhou did not depart the United States when her parole expired. Nevertheless, for more than five years, the Respondent took no action to remove Ms. Zhou. During that time, she continued to appear for supervision appointments and to comply with the conditions of her parole. *Id.* at 2.

On October 22, 2026, Ms. Zhou reported to a check-in appointment and was arrested by U.S. Immigration and Customs Enforcement (ICE) officers. *Id.* She again expressed fear of returning to China. *Id.* at 3. In their Response brief, the Respondents contend that ICE should give individuals such as Ms. Zhou a 30-day notice and conduct the review "as soon as possible" after the arrest on an individual who was not detained during the removal period. (Dkt. 12 at 5). The Respondent's records state that Ms. Zhou will be referred to U.S. Citizenship and Immigration Services (USCIS) for a credible fear interview and that she will remain detained pending adjudication of her asylum application and any challenge to her removal order. *Id.* However, in a Notice filed November 10, 2026, Ms. Zhou's counsel reports that USCIS cancelled her credible fear interview, that her case has been referred to ICE, and that no action is currently scheduled. (Dkt. 14).

## II. ANALYSIS

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Although Ms. Zhou challenges her detention on multiple grounds, the parties agree that she is subject to a final removal order and the authority for her detention is found in 8 U.S.C. § 1231(a). The dispositive question before the Court is whether Ms. Zhou's detention is lawful under § 1231 as interpreted in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

The statute applies two detention schemes—one compulsory and one discretionary—to two distinct time periods. Section 1231(a)(1) establishes a 90-day "removal period." For purposes of this case, the removal period begins when the noncitizen's removal order "becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i). Section 1231(a)(1)(A) directs that "the Attorney General shall remove" a noncitizen who has been ordered removed during the 90-day removal period. To facilitate that removal, § 1231(a)(2)(A) directs that the Attorney General "shall detain" the noncitizen during the removal period. If the Attorney General does not remove the noncitizen within the 90-day removal period, the noncitizen "*may* be detained beyond the removal period." 8 U.S.C. § 1231(a)(6) (emphasis added).

At face value, the text of § 1231(a)(6) authorizes the Respondent to detain noncitizens who are subject to removal orders in perpetuity. But a "statute permitting indefinite detention of an alien," the Supreme Court wrote in *Zadvydas*, "would raise a serious constitutional problem." 533 U.S. at 690. This is because civil detention violates the Fifth Amendment unless "a special justification . . . outweighs the 'individual's constitutionally protected interest in avoiding physical restraint.'" *Id.* (quoting *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997)).

The *Zadvydas* Court reconciled § 1231(a)(6) with the Fifth Amendment by interpreting § 1231(a)(6) as containing an implicit, constitutional limit on post-removal period detention authority. The statute grants the Attorney General authority to detain aliens for the express purpose of facilitating their removal. 533 U.S. at 697. Therefore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. Likewise, if detention "exceeds a period reasonably necessary to secure removal," then continued detention is no longer authorized by statute." *Id.* at 699–700.

To aid courts in determining when removal is reasonably foreseeable, *Zadvydas* recognized a "presumptively reasonable period of detention" of six months. *Id.* at 700–01. "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Respondent must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Ms. Zhou's removal order was issued in November 2019, and she was released on parole in January 2020. Therefore, her current detention, which began with her arrest in October 2026, is the only detention she has experienced since her 90-day removal period ended. She has been detained for less than six months, so her detention is presumptively reasonable under *Zadvydas*.

But *Zadvydas*'s six-month presumption is only that—a presumption. It serves "to *limit* the occasions when courts will need to make" difficult judgments, not to eliminate difficult judgments all together. 533 U.S. at 700–01 (emphasis added). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute," regardless of the detention's duration. *Id.* at 699–700.

Ms. Zhou attempts to overcome *Zadvydas*'s six-month presumption by providing specific reasons to find that she is unlikely to be removed in the reasonably foreseeable future: She has a pending asylum application and has been referred for a credible fear determination with no action currently scheduled to advance those processes. She argues that she cannot be removed legally while those processes are incomplete. (Dkt. 13 at 7).

Neither side offers legal authority to support or oppose Ms. Zhou's argument that the Respondent cannot lawfully execute her removal order without first completing her asylum and credible fear processes. Regardless of whether the law allows Ms. Zhou's removal at this time, the facts indicate that she will not be removed in the reasonably foreseeable future. According to the

Respondent's I-213 documents, Ms. Zhou's case "will be referred . . . for a credible fear interview," and "she will remain in custody pending her immigration proceedings." (Dkt. 12-1 at 3). According to these records, Ms. Zhou is not detained because the Respondent expects to remove her imminently. Rather, she is detained because ICE wishes to detain her while her immigration proceedings continue. The respondents do not indicate otherwise in their filings.

## III. CONCLUSION

For the reasons explained above, the Petition for Writ of Habeas Corpus, Dkt. [1] is **GRANTED**. The Respondents will have **48 hours** to file documentation that they have released Ms. Zhou according to reasonable conditions of supervision.

The **clerk is directed** to enter final judgment in a separate Order.

**IT IS SO ORDERED.**

Date: November 16, 2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Parvinder Kaur Nijjar
DOJ-USAO
parvinder.nijjar@usdoj.gov

Yongbing Zhang
Law Offices of Yongbing Zhang
yzhang@ybzlaw.com